NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0343n.06

No. 24-1524

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 14, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| WILLIAM JAMES PALM, | ) | MICHIGAN |
| Defendant-Appellant. | ) ) | |
| | ) | |

Before: KETHLEDGE, MURPHY, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. William Palm challenges the constitutionality of the felon-in-possession statute as it applies to him. We reject that argument and affirm his criminal judgment.

In the early-morning hours of May 23, 2021, Kalamazoo police officers pulled Palm over for speeding. Palm fled on foot, but the police soon caught him. They arrested him and searched his car, where they found a drum-style magazine loaded with 9mm, hollow-point ammunition. But they found no gun. The police thus retraced Palm's steps and found a 9mm pistol (also loaded with hollow-point ammunition) on the ground near a camper. Palm admits the gun was his.

In September 2021, a grand jury indicted Palm for possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Palm pled guilty but later moved to withdraw his plea and to dismiss the indictment on the ground that § 922(g)(1) violates his Second Amendment rights.

The court rejected Palm's Second Amendment arguments, denied the motions to dismiss and to withdraw the plea, and sentenced Palm to 37 months in prison. This appeal followed.

Palm challenges the constitutionality of § 922(g)(1) as applied to him. The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. The term "the people" includes all American citizens, including felons, so the Second Amendment presumptively protects Palm's right to possess a gun. *See United States v. Williams*, 113 F.4th 637, 649 (6th Cir. 2024). But "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous." *Id.* at 657. Thus, § 922(g)(1) is constitutional "as it applies to dangerous individuals." *Id.* at 662. Here, the question is whether Palm is a "dangerous individual" for purposes of that rule.

To answer that question, we consider Palm's "entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id.* at 663. Palm has three convictions for fleeing from police officers. In 2003, he led officers on a car chase that ended after Palm crashed his vehicle. In 2006, he fled from police through a residential area—driving at high speeds and running multiple stop signs. And in 2007—after police approached Palm's parked car after seeing his passenger dealing drugs—Palm sped away at 90 miles per hour before ditching the car and fleeing on foot. This conduct was dangerous, *see United States v. Martin*, 378 F.3d 578, 583 (6th Cir. 2004); and Palm has a conviction for drug trafficking, which presents an inherent threat of danger to the public, *see Williams*, 113 F.4th at 663. Moreover, Palm was earlier convicted for felon-in-possession after police arrested Palm for selling crack cocaine out of his home. Courts have long recognized that "drugs and guns are a dangerous combination." *Smith v. United States*, 508 U.S. 223, 240 (1993). Thus, Palm's criminal record easily shows a "pattern of dangerous conduct" that justifies disarmament. *United States v. Goins*, 118 F.4th 794, 805 (6th Cir. 2024).

Meanwhile, Palm continued that pattern here by fleeing police yet again. And this time he was armed—at least until he tossed the gun aside, where anyone could have picked it up. *See, e.g.*, *United States v. Stafford*, 721 F.3d 380, 402-03 (6th Cir. 2013). That Palm was still on supervised release for his prior firearms conviction further demonstrates Palm's disregard for the law and his willingness to engage in dangerous conduct. Section 922(g)(1) is constitutional as applied to Palm in this case.

The district court's judgment is affirmed.